ISADORE J. KITAY, PROSECUTOR, v. JOHN QUIGLEY, IN-SPECTOR OF BUILDINGS, ET AL., RESPONDENTS.

Submitted October 14, 1927—Decided June 19, 1928.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the prosecutor, *Peter Cohn.*

For the respondents, *Benjamin J. Spitz.*

PER CURIAM.

This is a zoning case. It is before this court on a writ of *certiorari* allowed to review the action of the board of adjustment of the city of Paterson. The prosecutor is the owner of

premises known as lots Nos. 349–351 Twelfth avenue, in the city of Paterson. The prosecutor desires to erect an apartment house designed to accommodate sixteen families upon said premises. He caused to be prepared plans and specifications which were submitted to and approved by the tenement house commission. These plans and specifications were then filed with the building inspector of the city of Paterson and the proper fees for a building permit tendered. The plans and specifications were in accordance with the building code of the city of Paterson. The building inspector refused to issue a permit. His refusal was based upon a section of the zoning ordinance of the city of Paterson which provided that "no dwelling or tenement house shall hereafter be erected or altered to accommodate or make provision for more than thirty-five families on any acre of land or more than a proportional number of families on a fractional part of any acre of land. The maximum number of families which may hereafter be housed on any plot of ground shall not exceed the integral number obtained by multiplying the acreage of such plot by thirty-five." The building inspector contended that the granting of a permit would violate this section of the zoning ordinance. He, therefore, refused to grant the permit. The prosecutor appealed to the board of adjustment. This board at a meeting held denied the prosecutor's application for a permit and affirmed the action of the building inspector. The basis of its action appears to have been that the premises of the prosecutor were in the heart of a very fine residential district. The facts hereinbefore recited are stipulated in the record. After the refusal of the board of adjustment to reverse the ruling of the building inspector the writ of *certiorari* in the instant case was allowed.

In the case of Koplin *v.* Village of South Orange et al., in which an opinion was filed in this court on May 14th, 1928, there is contained a review of the constitutional amendment respecting zoning, which was approved and ratified on September 20th, 1927, and took effect on October 18th, 1927, and the statute enacted by the 1928 legislature upon this subject, known as chapter 274 of the laws of 1928. It is especially pointed out in this case that the zoning ordinances passed

prior to the enactment of the constitutional amendment were deemed to be legal. The situation in the present case, therefore, is that the Zoning act relied upon by the city of Paterson in the present controversy is legal. It was therefore the duty of the prosecutor to show that the aplication of the zoning ordinance to his case was unreasonable. The presumption is that the zoning ordinance is reasonable. *Burg* v. *Ackerman,* 5 *N. J. Mis. R.* 96. We find nothing in the evidence which, under the circumstances, inclines us to the belief that the ordinance is unreasonable. In order to reverse the action of a board of adjustment there must be evidence produced before the court that the action of the board of adjustment is wrong. *Oxford Construction Co.* v. *Orange,* 4 *Id.* 515. We, therefore, have reached the conclusion in the instant case that the decision of the board of adjustment of the city of Paterson should be affirmed.

It is accordingly affirmed. The writ of *certiorari* will be dismissed, without costs.